IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GREGORY HALPERN, | Case No. 3:25-cv-50381 |
| Plaintiff, | |
| v. | Honorable Iain D. Johnston |
| FEDERAL RESERVE BANK OF NEW YORK, et al. | |
| Defendants. | |

**OPINION AND ORDER**

**I.**     **Procedural Background**

Plaintiff Gregory Halpern has brought eight counts against all twelve regional Federal Reserve Banks: those of New York, Chicago, Atlanta, Boston, Cleveland, Dallas, Kansas City, Minneapolis, Philadelphia, Richmond, San Francisco, and St. Louis. Complaint at 4.[1] In his complaint, Halpern brings counts entitled: (i) declaratory judgment (735 ILCS 5/2-701); (ii) fraudulent misrepresentation (common law); (iii) Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2); (iv) Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2); (v) Illinois civil RICO (720 ILCS 5/33G-1 et seq.); (vi) civil conspiracy (common law); (vii) unjust enrichment (common law); and (viii) intentional infliction of emotional distress. *Id.* at 8-19.

---

[1] The complaint, which assuredly does not comply with Fed. R. Civ. P. 8 requirements of "short and plain," begins on page 12 of dkt. 2, ex. 1.

Halpern initially filed his complaint in the Circuit Court of McHenry County, Illinois. *Id.* at 1. The action was removed by motion of all defendants pursuant to 12 U.S.C. § 632 and 28 U.S.C. §§ 1331 and 1441. *Id.* at 2.

Predating this complaint, Halpern filed a remarkably similar complaint, also in McHenry County and also removed to this Court. *See Halpern v. Powell, et al.*, No. 3:25-cv-50327. That complaint concerns all but one of the same named Federal Reserve Banks, as well as Chair Jerome Powell and the Board of Governors of the Federal Reserve System. Defendants have moved to dismiss this complaint as duplicative to 25-cv-50327, or in the alternative, to consolidate the actions.

## II. Legal Standard

Before determining the merits of Defendants' motion, this Court—as with all federal courts—must ensure it is capable of hearing the dispute. Federal courts are limited to deciding only actual "Cases" or "Controversies." U.S. Const. art. III § 2. Article III standing is an essential element to federal subject-matter jurisdiction that courts are duty-bound to address at the outset of a case. *Bazile v. Finance Sys. Of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also In re Deere & Co.*, 703 F. Supp. 862, 873 (N.D. Ill. 2023). At the pleading stage, the plaintiff need not prove it has standing, but it must allege facts sufficient to plausibly allege standing. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896-97 (7th Cir. 2018).

Three requirements are necessary for Article III standing: first, the plaintiff must have an injury in fact—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; second, there must be a causal connection between the injury and the conduct complained of: the injury must be fairly *traceable* to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and third, it must be likely—as opposed to merely speculative—that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n. 1. It is concrete if it is "real," not abstract. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal citations omitted). Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, threadbare recitals of the elements of Article III standing, supported by mere conclusory statements, do not suffice. *KL3, LLC v. United States*, 176 Fed.Cl. 657, 668 (2025); *Kan. Nat. Res. Coal. v. United States Dep't. of Interior*, 971 F.3d 1222, 1231 (10th Cir. 2020); *Kareem v. Haspel*, 986 F.3d 859, 865-66 (D.C. Cir. 2021).

### III. Analysis

Halpern has failed to plausibly allege either a concrete or particularized injury sufficient to bring a suit under Article III.

3

Halpern's attempts to establish standing fall well short of even the low bar required at the pleading stage. Merely stating that "Plaintiff seeks… to resolve an actual controversy between Plaintiff and Defendants regarding their corporate status, representations, and conduct" is nothing more than a threadbare recital of Article III standing and does not create an actual controversy. *Id.* at 14; *see Iqbal*, 556 U.S. at 678.

The closest Halpern comes to identifying a particularized harm is his alleged "loss of savings and investments, erosion of purchasing power, increased cost of living, and financial instability" in multiple counts. Put another way, Halpern seeks to hold the banks responsible for inflation. This is a generalized harm beyond the scope of Article III. It is shared by all members of "the public." Halpern even admits as much. *See* Complaint [2-1] at 11 ("This deception has misled *the public*.") (emphasis added); *see also* Complaint [2-1] at 16 ("Defendants knowingly and repeatedly represented themselves *to the public* as neutral, government-like institutions operating in the public interest.") (emphasis added); *see also* Complaint [2-1] at 26 ("… Defendants' conduct threatens the economic stability and welfare of *Illinois citizens*…") (emphasis added). This is antonymous to any "particularized" harm.

Finally, Halpern's lack of individuation within his counts makes clear that his complaint contains only generalized grievances unable to support Article III standing. He has alleged nothing that happened to him distinct from something that happened to every member of the public. Although he brings wide-ranging

4

counts against *twelve* Federal Reserve banks, he does not so much as even attempt to differentiate his claims between these regional banks as to how any *one* of them has harmed him. Rather, he claims that *all* of these banks are committing some sort of mass tort (i.e., inflation) on the *entire* public, but without a particularized harm to anyone. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 n. 7 (2016). This is not the sort of "Case" or "Controversy" imagined by Article III. 15 Moore's Federal Practice § 101.40. Halpern lacks standing to bring such a claim.

Generally, a matter removed to federal court from state court that is subsequently dismissed for lack of subject-matter jurisdiction must be remanded to state court. 28 U.S.C. § 1447(c). However, when federal courts possess original jurisdiction and remand would be futile as a matter of federal law, dismissal is appropriate. *See generally*, *Porch-Clark v. Englehart*, 930 F.Supp.2d 928, 938 (N.D. Ill. 2013), *aff'd* 547 F.App'x 782 (7th Cir. 2013); *see also Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 835 n. 4 (7th Cir. 2025); *Halpern v. United States, et. al.*, No. 25-cv-50353 at dkt. 51 (N.D. Ill. Nov. 18, 2025). As this matter is in federal court due to the Federal Reserve's absolute right to remove under 12 U.S.C. § 632, remand would be circular and futile.[2]

---

[2] Halpern argues again and again that 12 U.S.C. § 632 does not encompass all suits against the Federal Reserve, ignoring its second paragraph ("all suits of a civil nature at common law"), and using an incorrect citation—in his motion response [37], supplemental memorandum [38], and motion for clarification [42]—to *Fed. Rsrv. Bank of St. Louis v. Metrocentre Improvement Dist. #1*, 657 F.2d 183 to make this point. Unfortunately for Halpern, not only is his case citation wrong, but the quotation he uses does not exist in that case or elsewhere. Furthermore, *Metrocentre* does not even purport to discuss 12 U.S.C. § 632. Whether this quotation was hallucinated by Artificial Intelligence—which seems likely to be the case—or whether it "reflects a widely circulated secondary description of the *Metrocentre* decisions and the historical interpretation of § 632's original foreign-banking purpose," as stated in Halpern's sur-response (cleaned up), its use was improper, its attribution was wrong, and Halpern has subjected himself to the possibility of sanctions. Given the

5

### IV. Conclusion

For the above reasons, the matter is dismissed without prejudice. Halpern is provided until January 15, 2026 to file an amended complaint. If an amended complaint is not received by then, or if the amended complaint fails for the same reasons as described above, the civil case will terminate. Defendants' motion to dismiss or consolidate [19] is denied as moot.

Entered: December 17, 2025            By: _____
Iain D. Johnston
U.S. District Judge

---

posture of the case and Halpern's status as a *pro se* litigant, the Court will merely admonish Mr. Halpern at this time that quotations attributed to cases should only come *directly* from those cases. Because no additional clarity is required for the court's decision to deny Halpern's motion to remand, his motion for clarification [42] is denied.